IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA YVONNE LENZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 19-489 |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 18th day of June, 2021, upon consideration of Plaintiff's "Application for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412" (Doc. No. 22), filed in the above-captioned matter on June 8, 2020, and in further consideration of Defendant's response thereto (Doc. No. 24), filed on June 30, 2020, and Plaintiff's reply (Doc. No. 25), filed on July 7, 2020, and Defendant's sur-reply (Doc. No. 26), filed on July 16, 2020,

IT IS HEREBY ORDERED that said Application is GRANTED IN PART and DENIED IN PART. It is granted to the extent that Plaintiff is awarded attorney fees under the Equal Access to Justice Act in the amount of $2,392.50. These attorney fees will be paid directly to Plaintiff and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the government that Plaintiff owes no qualifying, pre-existing debt(s) to the government. If such a debt(s) exists, the government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s). The Application is denied to the extent that it seeks an additional award of attorney fees.

1

Plaintiff's counsel seeks fees under the Equal Access to Justice Act, 28 § U.S.C. 2412 ("EAJA") in connection with the above-captioned Social Security matter litigated before this Court. He represented Plaintiff in this matter, an appeal from the determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability insurance benefits and supplemental security income benefits. On May 20, 2020, this Court vacated the Commissioner's final determination that Plaintiff was not disabled and remanded the matter to the Commissioner to be assigned to a different, constitutionally-appointed administrative law judge ("ALJ") for a new hearing and a new determination as to whether Plaintiff is disabled under the Social Security Act. The basis for the Court's decision was that an ALJ is an "Officer of the United States," subject to the Appointments Clause of the United States Constitution and that the ALJ in this case had not been constitutionally appointed during the relevant time period.

Plaintiff's counsel now seeks fees in the amount of $7,920.00 based on 38.4 hours of work spent on this case before the Court. The Commissioner partially opposes counsel's request, arguing that his position in opposing Plaintiff's appeal of the ALJ's denial of benefits on the merits was substantially justified and that the amount of fees sought by Plaintiff's counsel is unreasonable. The Commissioner seeks a reduction of fees from the requested amount to no more than $4,186.88. The Court, upon review of the record of this case, finds that, although fees are to be awarded, even further reduction in the amount of those fees is warranted.

Pursuant to the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special conditions make an award unjust." 28 U.S.C. §

2412(d)(1)(A).[1] The government's "position" includes both its pre-litigation conduct and its litigation position. Comm'r, INS v. Jean, 496 U.S. 154, 159 (1990). "A position is substantially justified if it is 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" Williams v. Astrue, 600 F.3d 299, 301-02 (3d Cir. 2009) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). This means that fees can be ordered under the EAJA unless the government's position "has a reasonable basis in both law and fact." Id. at 302 (quoting Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993)). It is the government's burden to establish that its position: (1) had a reasonable basis in truth for the facts alleged; (2) had a reasonable basis in law for the theory propounded; and (3) had a reasonable connection between the facts alleged and the legal theory advanced. See id. However, "a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." Id. (quoting Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998)). The Court must look at the totality of the circumstances in making its decision. See id. (citing Roanoke River Basin Assoc. v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993)).

Here, the Court finds that the Commissioner's position in defending the ALJ's determination that Plaintiff was not disabled was substantially justified until January 23, 2020, when the Third Circuit Court of Appeals issued its decision in Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3d Cir. 2020). When this case was originally filed and during the initial round of briefing, the primary issue in this case was straight forward – whether substantial evidence supported the ALJ's decision. However, on January 23, 2020, while this case was pending, the Third Circuit held in Cirko that social security claimants "may raise Appointments Clause challenges in federal court without having exhausted those claims before the agency." Id. at 153.

---

[1] The parties here do not dispute that Plaintiff is a prevailing party.

It further held that since, by the Social Security Administration's own admission, its ALJs had not been properly appointed at the time of the claimant's administrative proceedings, the claimant there was entitled to a new hearing before a different ALJ. See id. at 158-60. This decision was largely based on Lucia v. S.E.C., 138 S. Ct. 2044 (2018), a June 21, 2018 decision whereby the United States Supreme Court found that an ALJ of the Securities and Exchange Commission ("SEC") assigned to hear enforcement actions is an "Officer of the United States," subject to the Appointments Clause of the United States Constitution and that the appropriate relief, given that the ALJ had not been properly appointed under the Appointments Clause, was remand for a new hearing before a different, constitutionally appointed ALJ.

After the issuance of Cirko, Plaintiff filed a supplemental motion for summary judgment and supporting brief arguing that the ALJ in this case had not been constitutionally appointed during the relevant time period and that, accordingly, pursuant to Cirko, she would therefore be entitled to a new hearing before a different ALJ and a new disability determination regardless of the fact that she had not raised the issue at the administrative level. (Doc. Nos. 15 and 16). The Court ordered further briefing on the issue, and the Commissioner filed a response (Doc. No. 18), to which Plaintiff replied (Doc. No. 19). As noted above, the Court ultimately agreed with Plaintiff and remanded the matter on the basis of Cirko.

Therefore, the Court did not rule on the merits of the underlying arguments as to whether substantial evidence supported the ALJ's determination that Plaintiff was not disabled. The Commissioner asserts that the record supports that he was justified in arguing in the affirmative, at least up until the issuance of Cirko. The Court agrees. While the Court makes no merits

4

finding here,[2] it does note that the Commissioner's position in opposing remand was substantially supported by the facts of record, including the opinions of several treating physicians, and the governing case law.  The ALJ's decision itself was thorough and persuasive.  Were it not for the Third Circuit's decision in Cirko, there is a substantial chance that this Court would have affirmed the ALJ's decision. Merely because a new issue presented itself while this case was pending that mandated remand does not change the fact that the government's position prior to this significant change was justified.

Plaintiff asserts, though, even if the Commissioner's position with the Court was reasonable, his pre-litigation conduct in upholding the decision of an ALJ that the Commissioner should have known was invalid was not.  In other words, Plaintiff asserts that, given the state of the law while this matter was still pending at the administrative level, the Commissioner's conduct in allowing the case to proceed before an un-constitutionally appointed ALJ and in declining to disturb this decision at the administrative appellate level was not substantially justified from the start.   The Court disagrees.  It is important to remember that Plaintiff did not raise any Appointments Clause issues prior to Cirko either before this Court or at the administrative level.   The ALJ's decision was issued just days after the Supreme Court's decision in Lucia, and prior to the July 10, 2018 executive order issued by the President of the United States stating that "at least some – and perhaps all – ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause."  Exec. Order No. 13843, 83 Fed. Reg.

---

[2]     See Lebron-Torres v. Comm'r of Soc. Sec. Admin., No. CV 18-1212, 2020 WL 3488424, at *3 n.4 (E.D. Pa. June 26, 2020) (declining to consider whether the government's position in defending the ALJ's decision on the merits was substantially justified where the district court remanded the case based on Cirko without deciding the underlying merits of the ALJ's decision) (citing Holmes v. Berryhill, No. 19-874, 2020 WL 2126787, at *3 n.1. (E.D. Pa. May 4, 2020)).

32755 (July 10, 2018). It was also issued before the Acting Commissioner reappointed the ALJs of the Social Security Administration under her own authority. See S.S.R. 19-1p, 2019 WL 1324866 (S.S.A.), at *2. Although the case was still pending before the Appeals Council subsequent to these events, Plaintiff did not amend her request for review to include any Appointments Clause arguments. She argues, in essence, that the Commissioner was not justified in failing to address the issue *sua sponte* at the Appeals Council level. The Court finds no merit to this argument.

A solid consensus has evolved among district courts in this circuit that the Commissioner was justified in not raising any Appointments Clause issue in cases completed prior to Lucia and the subsequent executive actions prompted by that decision. See, e.g., McNeish v. Saul, No. CV 18-582, 2020 WL 4060322, *6 (E.D. Pa. Jul. 20, 2020); Brito v. Saul, No. CV 19-2160, 2020 WL 3498099, *1 (E.D. Pa. Jun. 29, 2020); Lebron-Torres, 2020 WL 3488424, *1. However, many of these cases address the situation where the matter was no longer pending at the administrative level at all during these events. Here, of course, the case was still pending at the administrative level during the relevant time period. Nonetheless, courts in this circuit have consistently held that, in such cases, the Commissioner did not act unreasonably in declining to raise an Appointments Clause issue *sua sponte* in the absence of the issue being raised by the claimant. See Marant v. Saul, No. CV 18-4832, 2020 WL 3402416, *1 (E.D. Pa. Jun. 19, 2020); Dove-Ridgeway v. Saul, No. 119CV00035LPSMPT, 2021 WL 1827206, at *1 (D. Del. May 7, 2021); Rich v. Comm'r of Soc. Sec. Admin., 477 F. Supp. 3d 388, 394 (E.D. Pa. 2020). This Court agrees. First, Lucia did not purport to address the constitutionality of the ALJs in federal agencies other than the SEC, and the ramifications of the decision certainly could not have reasonably been appreciated at the time of the ALJ's decision. Moreover, the Commissioner could quite

reasonably adopt the position that Appointments Clause arguments not raised before the ALJ were forfeited. Indeed, post-Lucia, most courts had held that plaintiffs who had not raised Appointments Clause challenges at the administrative level had forfeited such challenges. See Griffin v. Comm'r of Soc. Sec., Civ. No. 18-85, 2020 WL 733886, at \*\*9-10 (N.D. Iowa Feb. 13, 2020) (collecting cases). It is simply not reasonable to insist that the Commissioner was obligated to raise the issue *sua sponte* in the midst of this legal uncertainty. At the very least, the Court finds the Commissioner's position in declining to do so to be substantially justified.

The Court notes that "a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified." Williams, 600 F.3d at 302. Generally, therefore, the Court determines whether the government's position as to the civil action was substantially justified in its entirety, and not as to certain issues. See id. This case is no different; however, once Cirko was issued, the legal landscape substantially changed, rendering the Commissioner's continued defense of the case as a whole unreasonable as of that point. The Court is not awarding fees specifically in regard to the Cirko issue, but rather finding that the Commissioner's earlier reasonable position ceased to be substantially justified after the issuance of that decision, which clearly permitted Plaintiff to raise, and likely prevail, on that issue. Accordingly, the Court finds that no fees are appropriate for the period of time prior to the issuance of Cirko, but that fees from after that time are. The Court notes that this would amount to 11.6 hours. At the hourly rate requested by Plaintiff's counsel, $206.25,[3] this calls for a fee award of $2,392.50.

---

[3] The Court notes that Defendant does not challenge Plaintiff's requested hourly rate. Section 2412(d)(2)(A) provides that attorney fees shall not be awarded in excess of $125.00 per hour unless the Court determines that a cost of living adjustment should apply or that a special factor justifies a higher fee. Applying the consumer price index shows that a rate of $206.25 per

The Commissioner further argues that the amount of fees sought by Plaintiff's counsel in regard to the Cirko issue is unreasonable in light of the fact that most of the material was largely duplicative of material from other cases prepared by this attorney regarding this specific issue. The Commissioner is correct, of course, that the Court must determine that the fees sought under the EAJA are reasonable and may adjust the award accordingly. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Jean, 496 U.S. at 161; Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). There is no question that the Cirko argument presented by counsel here is almost the same as Cirko material he had already prepared in other cases. It is also true that he received fees pursuant to the EAJA for at least some of that prior work, However, given the already significant reduction in fees, the Court will give counsel the benefit of the doubt that the amount of time he claims he spent subsequent to January 23, 2020 is legitimate and reasonable. The Court notes that counsel did, in fact, assist Plaintiff in getting this matter remanded, and the fee the Court has approved here reasonably accounts for his work.

Accordingly, the Court hereby orders that $2,392.50 be paid directly to Plaintiff in this matter for attorney fees in this case as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

hour appears to be reasonable. See Garcia v. Schweiker, 829 F.2d 396, 401 (3d Cir. 1987) (holding that the consumer price index may be used to determine cost of living adjustments under the EAJA).